**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RAFAEL PHINAZEE** **FED. REG. #40656-074** | * * | **CIVIL ACTION NO. 2:12-CV-1563** |
| | * | **SECTION P** |
| **VERSUS** | * | |
| | * | **JUDGE MINALDI** |
| | * | |
| **JOE P. YOUNG** | * | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Rafael Phinazee. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), and he is currently incarcerated at the Federal Corrections Institute in Oakdale, Louisiana (FCIO).

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

***Statement of the Case***

On June 24, 2003, a grand jury in the Eastern District of Tennessee returned a one-count indictment charging petitioner and several others with conspiracy to distribute 50 grams or more of cocaine base and 5,000 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846. Following a jury trial Phinazee was convicted of the offense. On August 20, 2004, he was sentenced to 360 months imprisonment. *USA v. Anderson, et al*, 1:03-cr-00145 (E.D. Tenn.).

The Sixth Circuit Court of Appeals affirmed petitioner's conviction on direct appeal. The court, however, vacated his sentence and remanded for re-sentencing consistent with *United*

*States v. Booker*, 543 U.S. 220 (2005). *United States v. Hereford & Phinazee*, 162 Fed. Appx. 439 (6th Cir. 2006).

On remand, the district court sentenced petitioner to 300 months. The Sixth Circuit Court of Appeals affirmed the sentence on appeal. *United States v. Phinazee,* 515 F.3d 511 (6th Cir. 2008). The United States Supreme Court denied an application for writ of certiorari. *Phinazee v. United States*, 555 U.S. 1038 (2008).

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on February 10, 2010. He argued that he was denied effective assistance of counsel, that the government failed to turn over his pre-trial statements during his criminal proceedings, and that his sentence was improperly and illegally enhanced for possession of a firearm. The motion was subsequently denied. *Phinazee v. United States*, No. 1:03-cr-145, 2011 WL 2112409 (E.D. Tenn. May 27, 2011).

Phinazee filed the instant petition for a writ of habeas corpus on June 8, 2012. He asks for relief on the grounds that he is actually innocent of the drug conspiracy and that the statue of limitations expired prior to the indictment date. Doc. 1.

***Law and Analysis***

Petitioner styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, since petitioner challenges the fact of sentence rather than the manner in which that sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and he has failed to show that his present claims were foreclosed by circuit law at any time. Therefore, this court lacks jurisdiction to entertain the petition.

***Recommendation***

Accordingly, **IT IS RECOMMENDED** that the petition for a writ of habeas corpus be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days

following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 27th day of November, 2012.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE